HARRIS P. OSTERHOUDT, Appellant, *v.* ELLA H. OSTERHOUDT, Respondent.

SAME, Appellant, *v.* SAME, Respondent.

APPEAL — DIVORCE — WHEN JUDGMENT OF APPELLATE DIVISION AFFIRMING AWARD OF CUSTODY OF CHILDREN BY SUPREME COURT NOT REVIEWABLE. A judgment granting a divorce to plaintiff, but awarding the custody of the children to defendant, is within the discretion of the Supreme Court, and where that court does not exceed its powers an affirm- ance thereof by the Appellate Division is not reviewable by the Court of Appeals.

*Osterhoudt* v. *Osterhoudt,* 48 App. Div. 74; 49 App. Div. 636, appeals dismissed.

(Argued October 8, 1901; decided October 18, 1901.)

APPEALS from so much of two judgments of the Appellate Division of the Supreme Court in the first and second judicial departments, entered respectively March 1 and March 22, 1900, as affirmed a judgment of Special Term awarding to the defendant the custody of the children of the parties in an action for a divorce.

The facts, so far as material, are stated in the opinion.

*William M. Mullen* and *John L. Brower* for appellant. The judgment is appealable and this court has jurisdiction to review the same. The part of the judgment appealed from was made without jurisdiction and the question of discretion is not involved. (*Shiels* v. *Wortmann,* 126 N. Y. 650; *La Rue* v. *Smith,* 153 N. Y. 432; *Matter of Trustees N. Y. & B. B. Co.,* 137 N. Y. 99; Code Civ. Pro. § 1771; *Bossout* v. *R., W. & O. R. R. Co.,* 131 N. Y. 42; *Matter of Rogers,* 153 N. Y. 316; *Robinson* v. *O. S. N. Co.,* 112 N. Y. 315; *O'Brien* v. *E. R. B. Co.,* 161 N. Y. 539; *Jerome* v. *Q. C. C. Co.,* 163 N. Y. 351; *Shotwell* v. *Dixon,* 163 N. Y. 43; *Griggs* v. *Day,* 158 N. Y. 1.)

*Eldon Bisbee* and *Allen Caruthers* for respondent. The determination of the question of the custody of minor children

in an action for divorce rests wholly within the discretion of the trial court. Since the appeal here is only from so much of the judgment as awards the custody of the children to the defendant, this court has no jurisdiction, and the appeal should be dismissed. (*Price* v. *Price*, 55 N. Y. 656; *People ex rel.* v. *Sternberger*, 153 N. Y. 684; *Percival* v. *Percival*, 124 N. Y. 637; *Waring* v. *Waring*, 100 N. Y. 570; *Perry* v. *Perry*, 17 Misc. Rep. 28; *Welch* v. *Welch*, 33 Wis. 541; *Com.* v. *Addicks*, 5 Binn. 520; *Haskell* v. *Haskell*, 152 Mass. 16; Bishop on Marr., Div. & Sep. § 1190.)

*Per Curiam.* The action was brought by plaintiff to obtain a divorce on the ground of defendant's alleged adultery. The defense was based upon a decree of divorce in defendant's favor and against the plaintiff, granted in the state of North Dakota. Upon the trial of this action the Dakota divorce was held to be invalid, and it was upon this sole and distinct ground that the divorce here was granted to the plaintiff. The decree, among other things, provided that the defendant should have the custody of the two children of the parties. Both parties appealed from the judgment entered upon the decision of the Special Term; the defendant from the whole judgment, and the plaintiff from so much thereof as related to the custody of the children.

Before the appeals came on for a hearing, the Appellate Division in the first department sent the defendant's appeal to the Appellate Division in the second department for hearing. Plaintiff's appeal was heard by the Appellate Division in the first department, and that part of the judgment appealed from by plaintiff was affirmed. When the defendant's appeal came on for hearing in the Appellate Division in the second department, the judgment of the court below was also affirmed. This brief history of the case explains the existence of two appeals from a single judgment.

The only part of the judgment appealed from to this court is that which awards the custody of the children to the defendant. The direction made in that behalf rested solely in the

discretion of the Supreme Court, and as that court did not exceed its powers, the right of review ended with the Appellate Division, and there is nothing which this court can review. (*People ex rel. Sternberger* v. *Sternberger*, 153 N. Y. 684; *Matter of Welch*, 74 id. 299.)

The appeals should, therefore, be dismissed, with costs to the respondent in one appeal only, and disbursements in both.

PARKER, Ch. J., GRAY, BARTLETT, MARTIN, VANN, CULLEN and WERNER, JJ., concur.

Appeals dismissed.