Rose Hagopian, Appellant, *v.* Isaac Samuelson, Defendant, Impleaded with Elias Hirshfield, Respondent.

First Department, October 28, 1932.

*Isidor Bregoff* of counsel [*Abner J. Rubien*, attorney], for the appellant.

*George J. Stacy* of counsel [*James J. Mahoney* and *William S. Sinclair* with him on the brief; *James J. Mahoney*, attorney], for the respondent.

O'Malley, J.  Two questions are here presented: May a wife under any circumstances during the lifetime of her husband maintain an action for loss of services arising from personal injuries of a child through the negligence of a defendant?  If so, does the amended complaint herein state facts sufficient to justify the maintenance of this action?

Its allegations, so far as material to these questions, are:

" *Third.* That Vahrom Hagopian hereinafter mentioned is plaintiff's son, an infant under the age of fourteen years.  * * *

" *Sixth.* That plaintiff's husband, the said infant's father, has not contributed any monies for the support and maintenance of said infant, nor for medical services, medicines or otherwise in endeavoring to heal said infant of said injuries and he has waived all right to the earnings of said infant and to receive support therefrom in favor of plaintiff herein, and he has refused to commence any action therefor, and on information and belief, he is not of sound mind and that accordingly plaintiff is justly entitled to the services of her said infant son.

"*Seventh.* That in consequence of defendant's said negligence, plaintiff's said infant son was severely and permanently injured, externally and internally, and has been and will be permanently incapacitated and was confined to his bed and to plaintiff's house and plaintiff has necessarily expended large sums of money for medical services, medicines and otherwise in endeavoring to cure said infant son of said injuries, and will hereafter necessarily expend large sums of money for further necessary medical treatment and that plaintiff has been thus deprived of the services of said son and plaintiff is informed and believes that such deprivation and impairment will continue for a long time to come; all to plaintiff's damage in the sum of Twenty-five thousand ($25,000) Dollars."

The right to maintain an action of this character is concededly based upon the relationship of master and servant. So far as the common law is concerned the father originally had exclusive right to the services of his minor children. The common law, however, is not static, but is a living organism which may give rise to new rights under changing conditions. (*Oppenheim* v. *Kridel*, 236 N. Y. 156.) Even under the common law it has been held that during the lifetime of the father the mother might be entitled to bring an action for loss of services of an infant child where she shows facts entitling her to the services of the infant. It has been so held where it was made to appear that she was practically the real head of the family, paid the bills, and by direction of the father was entitled to, and did receive the earnings of the infant, she being responsible for its maintenance and support. (*McGarr* v. *National & Providence Worsted Mills*, 24 R. I. 447, and cases cited.) The modern tendency even at common law is to treat the mother's right with considerable favor. (Schouler Marr. Div. Sep. & Dom. Rel. [6th ed.], § 753, pp. 815, 816.)

In this State section 81 of the Domestic Relations Law (as amd. by Laws of 1925, chap. 67) provides: " A married woman is a joint guardian of her children with her husband, with equal powers, rights and duties in regard to them. * * *." (See, also, Dom. Rel. Law, § 70, as amd. by Laws of 1923, chap. 235; Pub. Welfare Law, § 125.) The law having placed upon the mother an equal duty of supporting and maintaining the children of the marriage, it would seem clear that under facts showing the duty of maintenance and support resting upon her, she should have a right of action for loss of services of a child against the presumptive right of the father, assuming such presumption longer exists. (*O'Rourke* v. *John Hancock Life Ins. Co.*, 10 Misc. 405; *Osterhoudt* v. *Osterhoudt*, 48 App. Div. 74, 78; appeal dismissed, 168 N. Y. 358; *Furman* v. *Van Sise*, 56 id. 435, 438–440.) We are of opinion, therefore,

that upon proper facts being shown the mother of an infant may maintain an action for loss of services of a child even though the father be living.

We are further of the opinion that when the allegations of the amended complaint are given every fair intendment to which they are entitled, they are sufficient to establish a right in the plaintiff mother to the services of such infant. She shows that she has expended money for medical services, medicines and otherwise, in the care of the infant; that the husband has not contributed anything to its support and maintenance nor for medical services, medicines or otherwise in the treatment of the injuries sustained and that he has waived his rights to the earnings of the infant in favor of his wife. Under such circumstances we are of opinion that on the face of the amended complaint the plaintiff has shown a good cause of action for loss of services of the infant in herself. (Schouler Marr. Div. Sep. & Dom. Rel. [6th ed.] §§ 752, 753.)

Any question as to the ultimate right of the plaintiff to succeed may be raised by a general issue tendered by the defendant-respondent who, moreover, under proper circumstances, may protect himself as against a possible claim by the father by seeking relief under appropriate sections of the Civil Practice Act.

It follows, therefore, that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the amended complaint denied, with ten dollars costs, and that the defendant, respondent, have permission to plead or otherwise move with respect to such amended complaint within twenty days after service of a copy of the order to be entered hereon upon payment of said costs.

FINCH, P. J., MERRELL, SHERMAN and TOWNLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendant, respondent, to plead or otherwise move with respect to such amended complaint within twenty days from service of order upon payment of said costs.