In the Matter of CARRIE WIGNALL, in Behalf of JOAN WIGNALL, and Another, Petitioner, against ELIZABETH. WIGNALL, Respondent.

Domestic Relations Court of the City of New York, Family Court Division, New York County, July 29, 1937.

*Paul Windels, Corporation Counsel [Jane M. Bolin of counsel],* for the petitioner.

*Feldman & Grad,* for the respondent.

PANKEN, J. The petition herein is presented by the paternal grandmother of the two minor children, asking the court to make an order requiring her daughter-in-law, the mother of the two children, to contribute an adequate sum for their support.

Both the father and the mother of the children are alive and gainfully employed. Heretofore in a proceeding in this court by the petitioner herein against her son, the father of the children, an order was made requiring the respondent in that case to contribute the sum of twenty-five dollars monthly towards their support. The amount therein ordered is inadequate for the proper care of these two minor children. The sum fixed by the court was arrived at after testimony had been taken. Ordinarily an order made by a court constitutes *res adjudicata;* that is not the fact in proceedings in the Family Court Division of the Domestic Relations Court of the City of New York, where the determination involved is one of ability or capacity to contribute to the maintenance and support of dependents. It is obvious that the financial condition of the person chargeable with the support of the dependents may change from time to time, and quite naturally the court, to mete out justice between parties, must have the power to modify orders upward and downward as the facts may compel.

I conclude as a matter of fact upon the testimony submitted to me that twenty-five dollars monthly for the support and maintenance of the two minor children is wholly inadequate.

The additional question presented for my determination is whether or not the mother of the two children on this petition and the respondent before me is chargeable with support of her children.

Were the father of the children in a position financially to properly and adequately support them out of his means or earnings, the primary obligation would be his. The testimony disclosed that the male parent has no property, funds or anything of value and that his earnings for sometime past have been at the rate of fifty-eight dollars per month. He is a mechanic's helper on a Works Progress Administration project.

No change in the father's circumstances was shown from the day when the order was made requiring him to contribute to the support of his children in the amount provided, and so the order made heretofore by my colleague in the other proceeding must of need be confirmed.

It is proper that the burden for the support of children should fall upon the shoulders of the father rather than that of the mother. That principle has become embedded in the law as it evolved in response to social relationships and responsibility. That has become so because of the sanctity with which the family is endowed and surrounded.

For centuries the mother was the homemaker; she was all of that. She bore the children, nursed them, cared for them, made a home for herself and her children and for her husband, the father of her children. It was a natural division of duties and consequent responsibilities. The father was not only regarded the head of the family; he was the breadwinner. The husband, whether there were children in the family or not, bore the responsibility for the support of the home. The mother in olden days and to a large extent even unto this day was dependent upon the head of the family for the maintenance and support of herself and her children. Separations were not as frequent in earlier days as they are now. Changed conditions have caused a change and a spread in responsibilities. Woman is not as dependent as she was yesteryear. She has entered the fields of gainful occupational enterprise. She is no longer always the homemaker. Sometimes she is not the homemaker *per se*, nor does she always assume and accept the responsibility for the care of her children. She delegates that duty sometimes to others, and accepts for herself gainful employment. When she does that she should contribute to the care, to the cost of the care of her children. That, however, is not the law in all instances as yet. But where the father is unable to support the children, and the mother is financially capable to so do, she should support them. As between the mother and the community, if she is able to look after her offspring and the father is unable to do so, the obligation rests upon the mother. While it may be true that responsibility for children is social in its nature and public in its character, the primary responsibility always rests with those who are tied to the children by the close ties of blood. Because of changed conditions, economic, if you must, social, if you will, the Legislature in its wisdom and as a matter of public policy wrote into the law provisions which not only empower but compel this court to require a mother to support her children, in the event the father is unable to do so adequately, and as the children's needs might require.

Under section 101 of the Domestic Relations Court Act, the father is chargeable with the support of his wife and children.

Subdivision 2 of section 101 reads: " Where the father of a child is dead or incapable of supporting his child or cannot be found within the State, the mother of such child is hereby declared to be chargeable with its support and, if possessed of sufficient means or able to earn such means, may be required to pay for its support a fair and reasonable sum according to her means, as may be determined by the court."

Subdivision 3 of the same section, among other things, provides that the grandparents of a child, if of sufficient means to support the child, are chargeable with the support of such grandchildren.

In the case before me the testimony shows that the children involved had been with their grandmother since babyhood. Her affection for her grandchildren and her sense of responsibility prompted her in her attitude towards these youngsters. She cared for them and she still does. The grandmother, petitioner, is without means. All that she gives them is her affection and care, that is sometimes infinitely more than just dollars and cents.

The respondent and her husband have been living separate and apart since the children have been with their grandmother. Whatever provision was made for the children's comfort and maintenance was either from the hands of the father or the contribution of their grandmother. There is no testimony before me that the mother, the respondent in this proceeding, has at any time contributed anything towards the maintenance and support of these two dependents.

It was conceded by the respondent through her counsel, on the record and in her presence, in which she acquiesced, that she earns $1,550 per annum, more than twice as much as her husband does. She did not testify. I deem the concession made by her through her counsel and with her acquiescence to be adequate to establish her earning capacity.

In the case of *Matter of Kane* v. *Necci* (269 N. Y. 13) the chief judge of the Court of Appeals in effect held that the Domestic Relations Court of the City of New York does not partake of the nature of a criminal court. A concession made in open court by a party to a proceeding has the force and effect of a fact established and is binding upon the court.

It is argued on behalf of the respondent that her husband did not acquiesce in the action taken by the grandmother. Acquiescence by any one was not necessary to empower the petitioner to seek aid so that dependent children might be adequately cared for.

Neither the corporation counsel nor counsel for the respondent has referred me to any case in point, nor am I able to find a decision directly in point. The statute, however, is quite specific and is authority for the finding hereon made.

To require a mother to support her children only if they are in danger of becoming a public charge when the mother is financially able adequately to provide for them is tantamount to casting aspersions upon motherhood. The natural inclination of the mother is to deny herself when her offspring are in need; to give is the most motherly characteristic. The basis for an order requiring the mother to support her dependent offspring is, are the children

being cared for by their father? If they are not, is the mother possessed of sufficient means, or is she able to earn such means as may be required, to contribute towards their support a fair and reasonable sum according to her means.

On all of the facts in the case, I conclude that the father is unable adequately to provide for the children. The twenty-five dollars allowed by the court out of the earnings of the father is wholly insufficient. The respondent is earning a sum out of which she can and should contribute to the support of her children, supplementing the father's contribution. The respondent's husband contributes twenty-five dollars monthly out of his earnings of fifty-eight dollars. An order is herein made requiring the respondent mother to contribute a like sum of twenty-five dollars monthly towards the support of her two children, payments to be made semi-monthly.