THOMAS W. H. JEACOCK, as Commissioner of Social Welfare of the County of Erie et al., Appellants and Respondents, *v.* MARGARET E. SCHORB, Respondent and Appellant, and EDWARD C. DETHLOFF, as Administrator of the Estate of THERESA EBNET, Deceased, Respondent and Appellant.

Fourth Department, November 18, 1942.

*Paul J. Batt* and *Lloyd M. Fink* for plaintiffs, appellants and respondents.

*Michael J. Montesano* for Edward C. Dethloff, as administrator, etc., defendant, respondent and appellant.

*Elijah W. Holt* for Margaret E. Schorb, defendant, respondent and appellant.

CUNNINGHAM, J.  This action is brought to recover relief moneys paid for the support of the defendant, Margaret Ebnet Schorb, and her two daughters; also to recover such relief moneys from the administrator of the estate of Theresa Ebnet, the mother of Margaret Ebnet Schorb.  In the court below judgment was granted to the plaintiffs against the defendant, Margaret Ebnet Schorb, for the cost of the relief given to her individually. The complaint against Edward C. Dethloff, administrator of the estate of Theresa Ebnet, deceased, was dismissed.

The defendant, Margaret Ebnet Schorb, who received relief for herself and her two daughters within ten years before the commencement of this action, will soon receive upwards of $3,000 from the estate of her mother who died recently.

Under section 128 of the Public Welfare Law (Cons. Laws, ch. 42; now § 104 of the Social Welfare Law; Cons. Laws, ch. 55), the plaintiffs are entitled to recover from Margaret Ebnet Schorb the cost of the public assistance rendered to her individually, and the court below has awarded judgment against her for the amount thereof.

The plaintiffs claim that they have the right to recover from Margaret Ebnet Schorb the cost of the public assistance given to her two infant daughters, application for which was made by their mother, Margaret Ebnet Schorb.

Section 128 of the Public Welfare Law (now § 104 of the Social Welfare Law) provides that recovery may not be had from the mother of the children for the assistance given to them, unless the mother is, or at the time of the relief was, liable for their support.

Section 81 of the Domestic Relations Law (Cons. Laws, ch. 14) provides that a married woman is a joint guardian of her children with her husband, with equal "powers, rights and *duties*" in regard to them.

The mother may assume the care and maintenance of the children of the marriage. When she does, she becomes responsible for their support and maintenance. (*Hagopian* v. *Samuelson*, 236 App. Div. 491.) The circumstances disclosed in this case show that Mrs. Schorb was liable for the support and maintenance of her children at the time public moneys were used for their support, and the sum of $1,024.36, which is the amount expended by plaintiffs for the care of these children, may be recovered from her.

The judgment should be modified by increasing the amount of recovery of the plaintiffs against Margaret Ebnet Schorb, from $768.24 to $1,792.60, with costs, and as thus modified, should be affirmed, without costs of this appeal to any party. New findings of fact made.

TAYLOR, DOWLING, HARRIS and McCURN, JJ., concur.

Judgment modified on the law and facts by increasing the amount awarded against Margaret Ebnet Schorb from $768.24 and costs to $1,792.60 and costs, and as modified affirmed, without costs of this appeal to any party. New findings of fact made.