In a proceeding under section 56-a of the Domestic Relations Court Act of the City of New York, it appears that a child has been heretofore committed by the Domestic Relations Court of the City of New York, Family Court Division, Queens County, to the care and custody of a school at an expense of $49 a week to the respondent, Department of Welfare of the City of New York. It further appears that the child’s father has earnings and that an order has been heretofore made by the Family Court Division directing him to pay $22.50 a week for the child’s support. The appeal is from an order directing appellant to pay in addition $20 a month for the support of her husband’s child. Order reversed on the law, without costs, and petition dismissed. Implied findings of fact are affirmed. Under section 56-a, the child’s parent “ or other person legally chargeable ” with the child’s support may be compelled “to contribute in whole or in part to the expense incurred by the city of New York on account of the maintenance of such child.” Here, an order having been made directing the father to pay, there is no power to make a further order directing the stepmother to pay. As between the parent and the appellant, who is in the position of such “ other person legally chargeable ”, the liability is in the alternative. The parent is primarily responsible and the “ other person ” is secondarily liable. The disjunctive word “ or ” in subdivisions 1 and 2 of section 56-a, may not be read as “and”. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 365.) Murphy, Ughetta and Hallinan, JJ., concur; Nolan, JP. J., and Kleinfeld, J., dissent and vote to affirm, with the following memorandum: The child, whose support is the subject of this proceeding, is 15 years of age. In our opinion, section 56-a of the Domestic Relations Court Act must be read with subdivision (5) of section 92 of the same statute, which provides that the court may order support to such a stepchild by the persons legally chargeable therewith, subject to the limitations of subdivision 5 of section 101. The purpose of section 56-a appears to be to permit the Department of Welfare of the City of New York to compel those legally responsible for the support of a child committed for institutional care, to contribute to the expense incurred by the city in the maintenance of such a child according to their financial ability. Appellant had knowledge of the child’s existence at the time of her marriage to the child’s father. (See N. Y. City Dom. Rel. Ct. Act, § 101, subd. 5.) Although appellant may be only secondarily liable, she is nevertheless chargeable with the child’s support, to the extent which may be *1011 liable, is unable to contribute tbe full amount of tbe expense incurred and bas been required to contribute sueb part thereof as bas been determined to be just and proper in accordance with bis ability. (See Social Welfare Law, § 101, subd. 1; N. Y. City Dom. Rel. Ct. Act, § 101, subd. 2; cf. Matter of Wignall v. Wignall, 163 Misc. 910; Hagopian v. Samuelson, 236 App. Div. 491, 492.)