Manuel G. Guerreiro, J.
The question presented in this ease is whether a mother may be obligated to contribute to the support of a child in the custody of the father.
*726 After the parties separated an agreement was made wherein the mother had custody and the father paid $110 a month for child support — because the child had emotional problems, with the father’s consent the child has lived with a teacher couple, friend of the parties in a rural area of Pennsylvania. This arrangement continued for about 6 years. The child is now 14 years old. The petitioner father remarried a year ago and felt it would be in the best interest of the child if the child lived with him and had an opportunity to develop in a less sheltered environment. The respondent mother agreed and the child went to live with the father and his second wife. The petitioner father testified that he had psychiatric expenses with the Jewish Family Service and that his child though ready to enter the public school system would need continued psychiatric care. The petitioner father testified that he has an income of $130 a week net, and that his monthly expenses attributable to his son were $297 a month.
The respondent mother rested after petitioner’s case, arguing that she had no legal obligation to contribute to the support of the child, citing Matter of Rudnick v. Rudnick (55 Misc 2d 532).
That case may be distinguished in that the petitioner father here is not capable of supporting his child according to the needs of the child.
The case law and indeed the Family Court Act provide that a parent is obliged to provide for his child according to his needs. No effort was made to dispute the child’s psychiatric needs, nor indeed the desirability of effecting a change of custody of the child.
Section 414 which provides: “ If the father of a minor child is dead, incapable of supporting his child, or cannot be found within the state, the mother of such child is chargeable with its support and, if possessed of sufficient means or able to earn such means, may be required to pay for its support a fair and reasonable sum according to her means, as the court may determine. The court may apportion the costs of the support of the minor child between the parents according to their respective means and responsibilities ’ ’ is authority for apportioning the necessary costs between the parents.
Furthermore there is ample case law for issuing an order of support against the mother on behalf of her children. In the case of Matter of Wignall v. Wignall (163 Misc. 910), the paternal grandmother sought an order requiring the daughter-in-law, mother of two children, to contribute toward their support. A prior support order had been in effect against the *727 father. The Domestic Relations Court, Judge Panken, concluded that the $25 a month order against the father was inadequate and that the father’s financial position prevented him from increasing his obligation. Since the mother was working and earning substantially more than the father, the court ordered her to contribute the same amount as her husband.
The Appellate Division, First Department, in Matter of Novikoff v. Novikoff (29 A D 2d 754) held that the mother would be required to contribute to payment of infant’s dental bills and her contribution to child’s support should be increased in view of infant’s age and mother’s earning capacity.
This court holds that the mother can be obligated to contribute to the support of the child, since the respondent mother chose to rest on the legal principle involved. The court will set down the case for a hearing for the purpose of taking proof as to the respondent’s means.