John J. Dillon, J.
This as an article 78 proceeding in the nature of certiorari to review and reverse the determination made by the Commissioner of the Department of Social Services of Westchester County and by the Commissioner of Social Services of the State of New York, wherein all medical assistance to the petitioner is to be terminated. The basis for the decision to discontinue medical aid to the petitioner is that she was a distributee of her deceased sister’s estate and as such was entitled to receive an intestate share thereof valued at approximately $8,500 which she renounced in favor of her daughter. The court agrees that the action by the petitioner in divesting herself of this asset frustrated the intent of section 104 of the Social Services Law under which welfare payments can be recovered on the basis of an implied contract when assets can be discovered in the possession of a person who has received assistance (cf. Jeacock v. Schorb, 265 App. Div. 147). The Commissioner of Social Services first brought a proceeding in the New York County Surrogate’s Court to vacate the renunciation and the court held that the renunciation was valid and effective. The petitioner has been on public assistance for approximately 25 years and it is clear from the evidence in the record that she has no assets or visible means of support and that she is not physically able to generate any earnings.
Under the terms of the decision under review the assistance which is being furnished to the petitioner is to be terminated until such time as the intestate share which she would have received except for the renunciation “ has been utilized in accordance with medical assistance standards.” The court agrees that the petitioner’s action in renouncing an intestate share in her sister’s estate was in violation of the Social Services Law and particularly subdivision (a) of 18 NYCRR 352.23 which provides that applicants for public assistance “ shall generally be required to utilize available resources ”. However, the petitioner has no visible means of support and there is no evidence to suggest that the intestate share which she has renounced will become available for her use in the event that public assistance to her is terminated. If there were proof in the record to establish that the funds in the estate of petitioner’s sister could be made available to the petitioner for her support, the court would have no hesitancy in affirming the decisions which are presently under review. The court does *388 not condone the petitioner’s conduct and in fact is offended by her action in diverting an available asset, which could have been used for her support and thereby reduced the burden on the public treasury. However, since it appears unlikely that the petitioner would be able to survive without continued and uninterrupted public assistance, the determinations made by the respondents are reversed and it is held that the petitioner shall continue to receive medical assistance.