BOYER, Acting Chief Judge,
concurring specially.
Lee E. Mallory, Jr., a minor, was seriously injured and burned in a vehicular acci *961 dent. His father, Lee E. Mallory, Sr., had theretofore procured a policy of medical insurance by which his minor son was covered. The insurance company paid medical expenses on account of the minor’s injuries in the sum of $2,680.59. Thereafter the minor’s parents, Lee E. Mallory, Sr. and Edith Mallory, were divorced (the marriage was dissolved under Florida law) and custody of the minor was awarded to the mother.
The insurance carrier for the driver of the vehicle which caused young Mallory’s injuries had coverage of only $15,000. With the consent of all parties the carrier deposited its limitation of liability, $15,000, in the registry of the court. The learned trial judge found, inter alia, “that in view of the severe, permanent injuries and disfigurement that the minor Plaintiff has suffered, it would be unconscionable to apportion the proceeds of $15,000 previously paid into the Registry of this Court between the minor Plaintiff and the Defendant father.” (The mother made no claim for loss of services nor otherwise, but the father had sought payment in full of the $2,680.59 paid by his medical insurance carrier.)
I concur in affirmance but in doing so I am of the view that we should explain that notwithstanding the citation by the learned trial judge of Yordon v. Savage, 279 So.2d 844 (Fla.1973), and appellant’s reliance thereon it clearly appears that the holding of that case has no application to the facts sub judice. Completely outside the holding of the Yordon case, the trial judge, under the facts of this case, had the right and duty of apportioning the proceeds' of the insurance policy and in view of the severe injuries suffered by the minor Mallory the judge did not abuse his discretion in apportioning no part thereof to the father on account of medical expenses paid by the medical insurance carrier.