EMPLOYERS CASUALTY CO. et al. v. BARNETT.

No. 34124.   June 26, 1951.

Rehearing Denied Sept. 11, 1951.

*235 P. 2d 685.*

Cheek, Cheek & Cheek, Oklahoma City, and W. B. Edwards, Seminole, for plaintiffs in error.

Schwoerke & Schwoerke, Oklahoma City, and James E. Driscoll and Homer H. Bishop, Seminole, for defendant in error.

HALLEY, J. The death of the plaintiff, William Henry Barnett, since the trial of this case has been suggested, and the cause has been revived in the name of Mrs. William Henry Barnett, administratrix of the estate of William Henry Barnett, deceased, as defendant in error. We shall refer to the parties as they appeared in the trial court, or by name.

It was alleged that on February 23, 1947, plaintiff was driving north on Highway 99 a short distance south of Seminole, Okla., at about 10 o'clock a.m. That at the same time, an oil field truck owned and operated by J. E. Cheatham, d/b/a Cheatham Truck Line, and driven by his agent and employee, Sam Plank, was traveling south on said highway. That upon plaintiff's approaching the truck and just before meeting it, the truck, without any warning signal, pulled sharply to the right and onto the shoulder of the highway and slowed down to make a left turn across the highway into the driveway of the J. E. Cheatham parking lot. That on the body of the float or bed of the truck was a Kelly joint or drill stem, some 40' or 45' in length, and some shorter lengths of pipe. That the drill stem extended some fifteen feet over and beyond the length of the truck bed, but had no red flag attached. That two cars were following the truck closely, and the first one turned sharply to the right to avoid the protruding drill stem, which extended over the entire right-hand lane of the highway by reason of the sharp turn of the truck to the right. That the second car following the truck, driven by Peter Boyd, found the same danger, and having no room to turn to the right, turned sharply to the left to avoid striking the drill stem or the truck, and in so doing collided with the plaintiff's car, which was being driven north. That the collision resulted in serious damage to plaintiff's car and in serious personal injuries to the plaintiff, rendering him permanently unfit for his regular work.

J. E. Cheatham was a Class B. motor carrier under the law of Oklahoma, and had filed a public liability bond or policy with the Corporation Commission, as is required by law, which policy was issued by Employers Casualty Company and rendered it liable for damages arising from the negligent acts of J. E. Cheatham, his agents and employees, in the operation of his trucks. The liability of J. E. Cheatham and his insurer rested upon the alleged negligence of Sam Plank, the truck driver, in failing to signal his intention to stop or turn to the right of the highway, causing his trailer and its load to extend entirely across the right side of the highway and onto or across the center line thereof. It is also alleged that he failed to have on the protruding drill stem a red flag, as required by the rules and regulations of the Department of Public Safety, being Rule 10, §583, Title 69, O.S. 1941, and that he was further negligent in failing to stop the truck at least three feet from the center of the road.

At the close of plaintiff's evidence, the defendants demurred thereto. The plaintiff then asked and was granted permission to reopen his case and dismiss without prejudice as to Sam Plank, the driver of the truck, whose negligence was charged with creating an emergency which caused plaintiff's injuries and damages. The trial proceeded with J. E. Cheatham and his insurance carrier as defendants. The jury found for the plaintiff on both causes of action. On motion for new trial, the court announced that the motion would be granted unless plaintiff remitted $21,800 of the amount awarded under his second cause of action. This remittitur was announced in open court. The defendants filed an amendment to their motion for a new trial, and alleged irregularities in the selection of the jury panel from which the jury in this case

was called, and sought to have the jury verdict set aside. This motion was denied.

The defendants moved for a continuance because the witness Sam Plank was absent. The motion was verbal. The plaintiff agreed that the deposition of this witness might be admitted in evidence. The court announced that defendants could use the deposition of the witness or the testimony given by him at the former trial of the case, and overruled the motion upon the refusal of the plaintiffs to accept the deposition or former testimony of the witness.

Judgment was rendered for the plaintiff for the amount found by the jury on plaintiff's first cause of action, and for the amount found under his second cause of action as reduced by the remittitur above mentioned. Defendants have appealed, and submit five assignments of error. We shall consider these assignments in the order presented in their brief.

It is first claimed that the judgment is not supported by the evidence. There is ample competent evidence to support the judgment. Several witnesses testified that the truck driver gave no signal of his intention to pull to the right of the road and stop, and to extend across the right side of the highway a portion of the truck and its load. That his action caused part of his trailer to extend entirely across the right side of the pavement; that the drill stem on the trailer extended some fifteen feet beyond the end of the trailer and carried no red flag on the end of the extended portion. The evidence as to plaintiff's injuries was sufficient to support the judgment.

Defendants contend that the court erred in denying them a continuance because of the absence of Sam Plank, the truck driver, who formerly had been a defendant. There is no question but that plaintiff's right to recover against J. E. Cheatham and his insurer depended upon the negligence of Sam Plank, and his testimony was clearly material under the circumstances. However, his deposition had been taken and he had testified in a previous trial of the case. The plaintiff offered to admit the deposition or the previous testimony of the witness. Defendants declined this offer after the court had announced that such testimony might be introduced. The motion was not made upon affidavit, as provided by Sec. 668, Title 12, O.S. 1941, which also provides in part as follows:

"If thereupon the adverse party will consent that on the trial the facts alleged in the affidavit shall be read and treated as the deposition of the absent witness, or that the facts in relation to other evidence shall be taken as proved to the extent alleged in the affidavit, no continuance shall be granted on the ground of the absence of such evidence."

In Schuman's, Inc., v. Missy Dress Co., 172 Okla. 211, 44 P. 2d 862, this court announced the rule in the third syllabus as follows:

"An application for a continuance on the ground of absence of evidence or witness, under section 397, O. S. 1931, invokes the exercise of the sound and reasonable discretion of the trial court, and where the adverse party consents that, on the trial of the case, the facts alleged in the affidavit for the continuance shall be read and treated as the deposition of the absent witness, the rule of discretion ceases to operate and the continuance should not be granted."

The offer of the plaintiff and the consent of the court to admit either the deposition of the witness or his testimony in a former trial of the same case is sufficient to meet the above provision of section 668, and the court did not abuse its discretion in overruling the motion for a continuance. The witness appears to have been confined to bed at Seminole, Oklahoma, when the case was tried, suffering from heart disease, and this fact was known to the defendants.

It is contended that the judgment is contrary to law because no judgment

was rendered against Sam Plank, whose primary negligence was alleged to have caused the injuries complained of, as the action was dismissed as to Plank after the close of plaintiff's evidence. The defendants cite Chicago, R. I. & P. Ry. Co. v. Reinhart, 61 Okla. 72, 160 P. 51; Consolidated Gas Utilities Co. v. Beatie, 167 Okla. 71, 27 P. 2d 813; Shell Petroleum Corp. v. Wilson, 178 Okla. 355, 65 P. 2d 173; and St. Louis & S. F. Ry. Co. v. Dancey, 74 Okla. 6, 76 P. 209, to sustain their position. In these cases both the master and servant were parties, and were so when the case was submitted to the jury, and the servant was released and the master held; and the cases do not touch the point involved here, where the action against the servant was dismissed without prejudice and the action prosecuted against the master, whose liability was based on respondeat superior. We have not passed on this identical question; but Title 12, §683, O.S. 1941, provides that an action may be dismissed without prejudice to a future action by the plaintiff before the final submission of the case to the jury, or to the court when tried to the court; and in Whitehead v. Williams, 196 Okla. 411, 165 P. 2d 618, we said that the general rule is that the plaintiff may, where the liability of defendants is joint and several or several, dismiss action as to some of the defendants and continue the action as to the remaining defendants. In Odell v. Universal Credit Co., 118 W. Va. 678, 191 S.E. 568, it was held that in a joint action for tort against a master and servant for injuries received in an automobile collision, plaintiff may dismiss as to servant for reason not going to merits without impairment of right to proceed against the master, notwithstanding the master is liable only under the doctrine of respondeat superior. See, also, 27 C.J.S., Dismissal and Nonsuit, §32. DeGraff v. Smith, 162 Ariz. 261, 157 P. 2d 342, was another case involving this question, but there the dismissal was with prejudice as to the servant, and it was held that the action could

not be maintained against the master alone, but indicated that if the dismissal had been without prejudice, a different conclusion would have been reached. In our opinion, the right to proceed against the master alone also depends upon whether or not the action was several. This question is discussed in 57 C.J.S., Master and Servant, §579, and in 35 Am. Jur., Master and Servant, §535. In the case of Sherwood v. Huber & Huber Mtr. Exp. Co., 286 Ky. 775, 151 S.W. 2d 1007, 135 A.L.R. 263, an action was brought against the employer after judgment was taken against the employee, but the judgment was unsatisfied, and it was held that this was not such an election of remedies as would preclude the maintenance of the action, even though his liability was that of respondeat superior. This is a well-considered opinion. In the note to this case in 135 A.L.R. at page 271, this statement is made:

"The question herein concerns, largely, the respective liabilities of a master and his servant, or a principal and his agent, for the servant's or agent's negligent acts, where the master's or principal's only liability rests upon the doctrine of respondeat superior; and it includes the correlative rights of the party injured by such negligence.

"While but few cases have been discovered dealing directly with the point, the rule appears to be quite well established that a plaintiff may bring separate actions against a master and his servant, or a principal and his agent, to recover for the negligence of the servant or agent, where the master's or principal's only responsibility is derivative. And the rule has been applied alike in jurisdictions recognizing that master and servant, or principal and agent, may be joined as defendants in such an action, and in jurisdictions denying the right to join them as defendants."

The right to pursue the master and servant separately is sustained by the following cases: Griffin v. Bozeman, 234 Ala. 136, 173 So. 857; Wills v. J. J. Newberry Co., 43 Cal. App. 2d 595, 111

P. 2d 346; Skala v. Lehon, 258 Ill. App. 252, affirmed 175 N. E. 832, 343 Ill. 602; Dunbar v. Demaree, 102 Ind. App. 585, 2 N.E. 2d 1003; Bernheimer-Leader Stores v. Burlingame, 152 Md. 284, 136 A. 622; Blasinay v. Albert Wenzlick Real Estate Co., 235 Mo. App. 526, 138 S.W. 2d 721; Goodman v. Grace Iron & Steel Corp., 125 N.J. Law 28, 13 A. 2d 228; Parker v. Bissonnette, 203 S.C. 155, 26 S.E. 2d 497, 147 A.L.R. 773; Johns v. Hake, 15 Wash. 2d 651, 131 P. 2d 933; and Sherwood v. Huber & Huber Mtr. Exp. Co., supra.

In our opinion, the action of the trial court in permitting the plaintiff to dismiss as to the servant and proceed against the master was correct.

Section 169, Title 47, O.S. 1941, provides that Class B motor carriers shall file with the Corporation Commission a public liability and property damage bond or policy, which shall bind the maker thereof "to make compensation for injuries to, or death of, persons, and loss or damage to property, resulting from the operation of any such motor carrier, for which carrier is legally liable . . . ." The foregoing section has been construed in a number of decisions by this court in Enders v. Longmire, 179 Okla. 633, 67 P. 2d 12, and the right to maintain joint action against the motor carrier and his liability insurance bondsman cannot now be questioned.

Defendants urge that there was some irregularity in the selection of the jury, and that the jury was not duly impaneled, and that the entire jury list from which this jury panel was selected and drawn was illegal, and that the same was not selected, filed and recorded in accordance with law, particularly with Title 38, O.S. 1941. The defendants went to great lengths in their motion for new trial to sustain this proposition, and offered considerable evidence; but in our opinion this matter is settled by section 13 of said Title 38, O.S. 1941, which is as follows:

"A substantial compliance with the provisions of this Chapter, shall be sufficient to prevent the quashing or setting aside of any indictment of a grand jury chosen hereunder, unless the irregularity in drawing, summoning or impaneling the grand jury resulted in depriving a defendant of some substantial right, but such irregularity must be specifically presented to the court on or before the cause is first set for trial. A substantial compliance with the provisions of this Chapter, shall be sufficient to prevent the setting aside of any verdict rendered by a jury chosen hereunder, unless the irregularity in drawing and summoning or impaneling the same resulted in depriving a party litigant of some substantial right; Provided, however, that such irregularity must be specifically presented to the court at or before the time the jury is sworn to try the cause."

We think that the last clause of this section, providing that the irregularity must be specifically presented to the court at or before the time the jury is sworn to try the cause, disposes of this proposition, inasmuch as this was not done. Especially is this so in view of the fact that there is no showing that the defendants were deprived of any substantial right. Kurn v. Campbell, 188 Okla. 636, 112 P. 2d 386.

The defendants excepted to a number of instructions, but in their brief set out as error only the following instruction:

"Gentlemen of the Jury, you are instructed that the plaintiff has dismissed the cause of action as against the defendant, Sam Plank, and Sam Plank as a defendant will not be considered by you any further in arriving at your verdict herein."

It is urged that the above-quoted instruction is misleading in that it instructs the jury that Sam Plank, the driver of the truck, who was charged with primary negligence, is not to be considered by the jury in arriving at its verdict, and that Sam Plank cannot be found guilty of negligence, thus placing an undue burden upon the remaining defendants. We cannot agree with

this contention. The instruction complained of merely instructs the jury that since the action had been dismissed as to Sam Plank, he should not be considered further "as a defendant," but it does not tell the jury that it may not consider the question of whether or not Sam Plank was guilty of primary negligence as the admitted employee and servant of the defendant J. E. Cheatham. We think the court's instructions to the jury, when considered as a whole, fairly instruct the jury as to the law applicable to the facts.

The judgment is affirmed.