ROBERT SCHOMBER, an Infant, by GLADYS M. SCHOMBER, His Guardian ad Litem, et al., Plaintiffs, v. JAMES H. TAIT et al., Defendants.

Supreme Court, Special Term, Westchester County, February 1, 1955.

*Bleakley & Harding* for James H. Tait, defendant.

*Martin Coleman* for plaintiffs.

BAILEY, J. This is an action for damages growing out of an automobile accident wherein defendant moves to dismiss the first and second causes of action alleged in the complaint pursuant to subdivision 2 of rule 107 of the Rules of Civil Practice upon the ground that plaintiffs therein do not have the legal capacity to sue.

The second cause of action is maintained by the infant's mother for medical care furnished infant and also for loss of the infant's services. It is conceded that the infant resides with his father and mother but is being supported by his father. Under the circumstances such cause of action belongs to the father.

The first cause of action is maintained by the infant plaintiff by his mother as his guardian ad litem against the owner of the motor vehicle in which he was a passenger. Defendant contends that plaintiff has no legal capacity to sue because (1) his father was the operator of the motor vehicle at the time of the accident wherein he was injured; (2) he may not hold the father responsible because he is an unemancipated infant; (3) the owner may not be held responsible if no cause of action lies against the operator.

An action for personal injuries resulting from nonwillful negligence may not be maintained by an unemancipated child against his parent. (*Cannon* v. *Cannon,* 287 N. Y. 425; *Sorrentino* v. *Sorrentino,* 248 N. Y. 626.) To permit such an action would inject disruptive litigation into family unity. When close unity ceases to exist the reason for the rule disappears and the rule is not applicable. (*Murphy* v. *Murphy,* 206 Misc. 228.)

The reason for the inability of the son to sue his father is therefore personal to the relationship. But the inability to sue is not predicated upon the premise that the father was not negligent. The personal relationship does not absolve the father of any wrongful conduct which he may have committed. Therefore the owner to whom the law imputes the wrongful conduct of the operator may be held to answer for the wrongful acts committed. There is no personal incapacity of the infant to maintain an action against him and he may not seek refuge behind the doctrine of family unity. (See *Schubert* v. *Schubert Wagon Co.,* 249 N. Y. 253, and *Milstein* v. *City of Troy,* 272 App. Div. 625.)

In the instant case the owner was present in the motor vehicle when the accident occurred. He retained dominion over it and had the legal right to control its operation. His failure to do so would not change his rights nor limit his liability. (*Gochee v. Wagner*, 257 N. Y. 344.)

Under the circumstances the inhibition arising out of a personal relationship may not be invoked for his protection or to absolve him from liability when he himself had control of the instrumentality which caused the injury.

Motion to dismiss denied as to the first cause of action but granted as to second cause of action.

Submit order accordingly.