Florence J. **MASSOTH**, Petitioner,

v.

Helen **STAPLES**, Respondent.

No. 44389.

Supreme Court of Oklahoma.

Feb. 9, 1971.

As Corrected Feb. 10, 1971.

Rehearing Denied March 2, 1971.

Elliott C. Fenton, of Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for petitioner.

Ed Abel, Lampkin & Wolfe, Oklahoma City, for respondent.

DAVISON, Vice Chief Justice.

Petitioner prosecutes this appeal by seeking a writ of certiorari asking this court to review a certified interlocutory order pursuant to the provisions of 12 O.S.Supp. 1968, § 952(b)3, and rules of this court effective January 1, 1970. All of the requirements of the statute and court rules have been complied with, including the certificate of the trial court announcing that an immediate appeal may materially advance the ultimate termination of the litigation. Due to the importance of the question involved, we assume jurisdiction of the appeal.

The action under review is the case of Helen Staples, plaintiff, v. Florence J. Massoth, defendant, filed under number CJ–70–394, in the District Court of Oklahoma County, Oklahoma.

The pertinent facts are that respondent, Helen Staples, filed a tort action in the District Court of Oklahoma County against petitioner, Florence J. Massoth, and her employer, Mercy Hospital. Respondent alleged that she had sustained personal injuries and certain damages growing out of an accident involving automobiles driven by petitioner and respondent. Respondent alleged that petitioner was acting as the servant, agent and employee of Mercy Hospital and was negligent in the operation of her car, thus causing the accident. Respondent alleged no independent acts of negligence on the part of Mercy Hospital. The sole basis for recovery was that the servant (petitioner) was guilty of negligence, and that the hospital was liable under the principle of respondeat superior. The case was set for trial and on the morning of the trial the respondent dismissed the action against petitioner, without prejudice, and proceeded to trial against Mercy Hospital, which trial resulted in a jury verdict in favor of respondent and against Mercy Hospital. That said judgment became final and the amount of the judgment was tendered to respondent and refused and the amount of the judgment was then deposited with the Court

Clerk of Oklahoma County. The respondent has refused to accept the money so deposited.

On the third day after the rendition of the verdict and judgment against the hospital, but just before the above tender and deposit in satisfaction of judgment were made, the respondent Helen Staples filed a second action hereinbefore referred to, against the petitioner Florence J. Massoth. Respondent's petition contained identical allegations of negligence on the part of Massoth, and identical allegations of damages and of injuries sustained by her, as alleged in the original action.

Petitioner's demurrer and motion for summary judgment were overruled by the trial court, thus resulting in the determination of the question of law by this court.

The question of law to be determined is whether, under the facts and circumstances above related, the respondent can maintain the second action against the petitioner. The question is one of first impression in this jurisdiction. However, other courts have passed on somewhat similar questions, with various holdings such as to create a confusion in the law. Some cases in other jurisdictions have decided the question by applying the doctrine of election of remedies. Other jurisdictions apply the theory of estoppel by judgment, while some other jurisdictions apply the theory of res adjudicata. Some courts make no distinction between joint tort actions and actions purely derivative and entirely dependent upon the doctrine of respondeat superior.

We are impressed with the opinion in the case of Marange v. Marshall (Tex. Civ.App.), 402 S.W.2d 236. The facts in the cited case are very similar to the facts in the present case. There an action was brought by Marange and his wife against Marshall for injuries sustained by Mrs. Marange due to the alleged negligence of Marshall causing an automobile collision. A previous action had been filed by the Maranges against Marshall's employer under the doctrine of respondeat superior based upon the same negligence of Marshall which resulted in a jury verdict and judgment against Marshall's employer, the amount of which judgment had been tendered to the Maranges. The tender was refused and was then paid by the employer into the court.

In Marange v. Marshall, supra, the court applied the doctrine of res adjudicata and held that the prior action barred the subsequent action. It was also held that a binding election had been made since the plaintiff's had their choice of parties defendant, the employer, the employee or both.

The case of Marange v. Marshall, supra, also distinguished the cases involving joint tort-feasors from the cases involving the doctrine of respondeat superior.

We are of the opinion and hold that the reasoning in Marange v. Marshall, supra, should be followed in this jurisdiction. To hold otherwise would in effect permit the respondent to have two days in court and would invite a multiplicity of suits.

In support of the view herein expressed see McNamara v. Chapman, 81 N.H. 169, 123 A. 229, 31 A.L.R. 188; Granquist v. Crystal Springs Lumber Co., 190 Miss. 572, 1 So.2d 216; Bounds et ux v. Travelers Insurance Company, 242 Ark. 787, 416 S. W.2d 298.

The respondent relies on the case of Skelly Oil Company v. Jordan, 186 Okl. 130, 96 P.2d 524. That case is distinguishable for the reason that in that case we were considering a second action against a joint *tort-feasor,* where the master and servant relationship did not exist. Marange v. Marshall, supra.

The respondent also relies heavily upon the case of Sherwood v. Huber, 286 Ky. 775, 151 S.W.2d 1007. This case is also distinguishable from the case at bar. In the cited case plaintiff had sued and obtained a judgment against the employee. Plaintiff issued execution against the employee and the return thereon showed "no property found." That case held that a second suit may be maintained against the employer (master) where judgment has

been rendered against the employee (servant) and after execution has been issued and the judgment remains unsatisfied. Several other jurisdictions are committed to such holding.

It is unnecessary to pass on the question of an unsatisfied judgment in the present case and we do not here decide that question.

In the present case the hospital defendant (employer) within a few days after the rendition of the judgment made a legal tender to respondent to satisfy the judgment and upon the tender being refused the judgment debtor deposited the amount of the judgment with the district court clerk as its agent for paying the judgment. The judgment debtor did everything possible to satisfy the judgment. This amounted to a satisfaction of the judgment. The fact that the present action was filed before the judgment was so satisfied is immaterial under the facts.

The case of Employers Cas. Co. v. Barnett, 205 Okl. 73, 235 P.2d 685, cited by respondent, stands for the rule that an employer and his employee may be proceeded against jointly or severally where employer's liability is based on doctrine of respondeat superior, and where proceeded against jointly, dismissal without prejudice as to employee does not preclude prosecution of action against employer. The case does not stand for the rule that if the action is filed against the employee and employer jointly, and before trial dismissed without prejudice as to the employee, and judgment is rendered against the employer, and the judgment is thereafter promptly satisfied by employer, that a second suit can be maintained against the employee.

We hold that under the facts herein involved, the second rail suit against the employee cannot be maintained.

Certiorari is granted, and the Trial Court is ordered and directed to sustain petitioner's demurrer and motion for summary judgment and dismiss case No. CJ–70–394.

All Justices concur.