279 So.2d 844 (1973)
Christopher YORDON, a Minor, by and through His Parents and Natural Guardians, Stephen A. Yordan and Maryanne Yordon, et al., Appellants,
v.
Dorothy L. SAVAGE and Employers-Commercial Union Companies, Appellees.
No. 42308.
Supreme Court of Florida.
July 5, 1973.
*845 Kenneth B. Sherouse, Jr. of Sherouse & Virgin, Miami, for appellants.
Edna L. Caruso of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, for appellees.
BOYD, Justice.
This cause is before us on appeal from the Circuit Court, Palm Beach County. The trial court, in its amended order, directly construed the Constitution of the United States, Amend. XIV, and the Constitution of the State of Florida, Art. I, Sections 2, 9, and 21, F.S.A., giving this Court jurisdiction of the direct appeal under Section 3 of Art. V of the Florida Constitution.
The facts of this case are as follows: A minor, by and through his natural mother and natural father, and the mother and father individually, instituted this action against the appellee, a licensed pediatrician. The complaint was divided into three counts. Count One alleged that appellee, in the performance of her duties, negligently treated the child causing blindness and rendering him "incapable of sensation, perception, motor control and reason." Count Two, brought by the parents individually, sought damages for medical expenses, loss of their child's services and mental pain and anguish. The last count claimed punitive damages.
In her answer, appellee moved, inter alia, to strike the mother of the child as being an improper party. After considering the constitutional questions, the trial judge entered an amended order striking the mother as a party plaintiff. Said order read, in part:
"1. That defendant's motion to strike Maryanne Yordon from Plaintiffs' Complaint is granted and she is stricken as a party plaintiff to this Complaint inasmuch as she is not a proper party to these proceedings. It is further Ordered and Adjudged that Plaintiff, Maryanne Yordon's cause of action is dismissed with prejudice, that she take nothing by her action and the defendant go hence without day as to the Plaintiff, Maryanne Yordon.
"The Court considered various Constitutional questions concerning the right *846 of Maryanne Yordon, the minor's mother, to be a party Plaintiff and the Court being fully advised in the premises specifically finds that her following Constitutional claims are without any merit:
"a. That she was denied Equal Protection of the Laws under the Florida and Federal Constitutions by being discriminated against by virtue of her sex.
"b. That she was denied Due Process of Law under the Florida and Federal Constitutions by being discriminated against by virtue of her sex.
"c. That she was denied Equal Protection of the Laws and Due Process of Law under the Florida and Federal Constitutions inasmuch as she is the mother of the minor child and is the one who has been and will be taking care of said minor child."
In Wilkie v. Roberts,[1] this Court held that the parent, or guardian, of an unemancipated minor child, injured by the tortious act of another, has a cause of action in his own name for medical, hospital, and related expenditures, indirect economic losses such as income lost by the parent in caring for the child, and for the loss of the child's companionship, society, and services, including personal services to the parent and income which the child might earn for the direct and indirect benefit of the parent. We hold today that this cause of action is available to either the father or the mother, or to the two parents together, and hereby reverse the trial court's order, striking Maryanne Yordan as a party, for the following reasons:
Article I, Section 2, of the Constitution of the State of Florida provides: "All natural persons are equal before the law... ." Article I, Section 9, of said Constitution provides: "No person shall be deprived of life, liberty or property without due process of law... ." Article I, Section 21, of the same provides: "The courts shall be open to every person for redress of any injury... ." The Fourteenth Amendment to the Constitution of the United States provides: "Section 1... . No State shall ... deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Clearly, the import of these foregoing provisions is that if a cause of action is available to one parent for injury to a child, then there can be no discrimination between the parents, based upon sex, since both are equal in the eyes of the law.
In Beard v. Beard,[2] the District Court of Appeal, First District, noted:
"... . In this era of women's liberation movements and enlightened thinking, we have almost universally come to appreciate the fallacy of treating the feminine members of our society on anything but a basis of complete equality with the opposite sex. Any contrary view would be completely anachronistic. In this day and time, women are as well educated and trained in the arts, sciences, and professions as are their male counterparts... ."
In Markham v. Markham,[3] the First District further expounded upon this concept:
"A married woman is no longer her husband's chattel. She is a citizen  she is an individual  and her rights are as paramount as his. The law properly protects married women in their right to independently acquire, encumber, accumulate and alienate property at will. They now occupy a position as equal partners in the family relationship resulting from *847 marriage and more often than not contribute a full measure to the economic well-being of the family unit."
In 1973, the theoretical proposition that women should enjoy equal opportunities, rights, and responsibilities has been accepted. Further, the disparity between theory and reality has been overcome in an everincreasing number of areas, including: right to privacy;[4] right to sue for loss of consortium;[5] responsibilities pertaining to the holding, control, disposition or encumbering of real or personal property;[6] and, responsibilities pertaining to the award of alimony.[7] We note that, in a highly analogous situation, the Legislature has recently repealed the statute which discriminated, based upon sex, in determining the proper parties in action for the death of a minor child.[8]
In suits of this kind, both lawful parents are necessary parties. If one parent files personally, he or she must either file as trustee for the other parent, or must name the other parent as a party defendant where service of process can be perfected, and, where required by special circumstances, the trial court may, in its discretion, name a guardian ad litem to protect the interest of the non-participating parent. If one parent receives a judgment as Trustee for the other, all such trust funds shall be paid into the Registry of the Court, and paid to the absent parent, or used for such lawful purposes as the justice of the case may require.
The jury, or, where a jury is waived, the judge trying the facts shall apportion the proceeds of the judgment to one or both parents as may seem just, based upon the social and economic relationships of the parties to the children.
Accordingly, the amended order of the trial court is quashed, and the cause remanded with instructions to include Maryanne Yordon as a party plaintiff, and proceed thereby to the trial of the issues.
It is so ordered.
CARLTON, C.J., ROBERTS, ERVIN and McCAIN, JJ., and SPECTOR, District Court Judge, concur.
DEKLE, J., dissents with opinion.
DEKLE, Justice (dissenting).
There is no denial of constitutional due process or equal protection to a parent so long as the right to recovery in that parent is procedurally provided through the one parent for the entire cause of action. This has been the basis for our procedure over the years in respect to a minor's injury, and is really preserved in the modification today by the majority. It is consistent with what has always been the case of a parent recovering as the "representative" of the other parent and injured child in one action. The increased independent rights of women have pertained to their separate and personal rights which I fully respect; her right in this instance, however, is in the role of parent within the family and would appear to me to be fully protected by a parent's suit as heretofore. *848 Other jurisdictions hold similarly to our former rule in Florida.[1]
The majority opinion refers to "a highly analogous situation" wherein the Legislature "recently repealed the statute which discriminated, based upon sex, in determining the proper parties in actions for the death of a minor child." (Fla.Laws Ch. 72-35 and specifically new § 768.20, Florida Statutes) That change simply provided for the action through the personal representative of the decedent to recover for the benefit of all survivors which was in accordance with our earlier opinion (Adkins, J.) in Garner v. Ward, 251 So.2d 252 (Fla. 1971), citing Civ.Proc.Rules 1.210(a), 1.250(c) and 1.270(a), 30 F.S.A.
Garner spoke to the merits of the right of recovery in various parties with divergent interests; it was not prompted by a single family loss as in the case of a child's injury within the family unit. The majority opinion apparently adopts the "representative" approach in Garner and now in Fla. Stat. § 768.20 for our own "legislation" in the present cause of action.
If we must legislate, then Justice Adkins and Fla. Stat. § 768.20 are not bad precedents to follow and our holding will probably do no harm in that it is basically a procedural difference. It would, however, seem better to have accomplished this by legislative enactment or by our own rule-making powers as to procedure.[2]
We do create one problem here. From my experience on the trial bench it occurs to me that a jury's apportionment of the plaintiffs' damages "to one or both parents as may seem just, based upon the social and economic relationships of the parties to the children" almost defies reasonable standards and guidelines and will lead to confusion and prejudice.
For these reasons I respectfully dissent.
NOTES
[1] 91 Fla. 1064, 109 So. 225 (1926).
[2] 262 So.2d 269, 271-272 (Fla.App. 1st 1972).
[3] 265 So.2d 59, 62 (Fla.App. 1st 1972), aff'd, 272 So.2d 813 (Fla. 1973), reh. denied.
[4] Markham v. Markham, supra, note 3.
[5] Gates v. Foley, 247 So.2d 40 (Fla. 1971).
[6] Hallman v. Hospital and Welfare Board of Hillsborough County, 262 So.2d 669 (Fla. 1972).
[7] Beard v. Beard, supra, note 2.
[8] Chapter 72-35, § 2, Laws of Florida, repealing Section 768.03, Florida Statutes, 1971, which provided, in part:

"Whenever the death of any minor child shall be caused by the wrongful act, negligence, carelessness or default ... the father of such minor child, or if the father be not living, the mother may maintain an action against such individual, private association of persons, or corporation... ."
[1] Ober v. Crown Heights Hospital, 138 N.Y.S.2d 190 (S.Ct. 1954); Cohen v. Sapp, 110 Ga. App. 413, 138 S.E.2d 749 (1964); Leahy v. Morgan, 275 F. Supp. 424 (N.D. Iowa 1967); Wright v. Standard Oil Company, 319 F. Supp. 1364 (N.D.Miss. 1970); Loving v. Laird, 42 S.W.2d 483 (Tex.Civ.App. 1931); Tait v. Schomber, 140 N.Y.S.2d 175 (S.Ct. 1955); Schomber v. Tait, 207 Misc. 328, 140 N.Y.S.2d 746 (1955); 67 C.J.S. Parent and Child § 41, 39 Am.Jur. Parent and Child, § 87.
[2] See dissent of Boyd, J., espousing this preference in Mancini v. State, 273 So.2d 371 (Fla. 1973).