1998 OK 119

John H. NEELY, Plaintiff/Appellant,

v.

FIRST STATE BANK, HARRAH, OKLA-
HOMA and Sooner State Bank, Tuttle,
Oklahoma, F/K/A the Bank of Tuttle,
Tuttle, Oklahoma, Defendants/Appellees.

No. 91034.

Supreme Court of Oklahoma.

Dec. 8, 1998.

Rehearing Denied Feb. 2, 1999.

Kenneth N. McKinney, Ronald L. Walker, Keith D. Tracy, McKinney & Stringer, P.C., Oklahoma City, Oklahoma, Attorneys for Plaintiff/Appellant.

Robert S. Meier, Meier & Associates, Oklahoma City, Oklahoma, Attorney for Defendants/Appellees.

SUMMERS, V.C.J.

¶ 1 This is an action for malicious prosecution brought by a former investment broker against two Banks he had previously represented. After enduring large investment losses the Banks alleged serious wrongdoing on the broker's part. The broker claims these allegations were malicious, and forced him out of business and into bankruptcy. He sued.

■ ¶ 2 One of the necessary elements of a tort action for malicious prosecution is that there must have been a "favorable termination" of the action prosecuted in favor of the plaintiff, in this case the broker. In regard to this dispute there had been an arbitration proceeding initiated by Banks against Prudential Securities, the broker's employer, based on the broker's alleged misconduct. Prudential was exonerated by the arbitrators. The sole first impression question before us is this: Was the arbitrator's decision favoring Prudential a favorable termination as to the broker, Prudential's employee, so as to supply a necessary element in the broker's tort suit for malicious prosecution?[1] We hold that it was, and reverse the summary judgment entered below in favor of the Bank.

¶ 3 Plaintiff Neely was a stock broker for Prudential Securities. He and Prudential had an employer/employee relationship. Among Neely's clients were the Defendant Banks. After large losses due to investments Banks alleged wrongdoing, including fraud, gross negligence and misrepresentation on the part of Neely. Neely claims that because of these allegations he lost his business and was forced to take bankruptcy.

¶ 4 Defendant Banks presented their dispute with Prudential Securities to an arbitration panel of the New York Stock Exchange. Their complaint was with Neely's alleged wrongdoing, and they claimed that under the doctrine of *respondeat superior* Prudential was liable for Neely's acts. The arbitrators held in favor of Prudential, and assessed a substantial amount of costs against Banks. During the course of the arbitration Neely's bankruptcy stay went into effect, so Bank's claims against him were not arbitrated. Banks have never pursued their claims against Neely.

¶ 5 Neely brought suit against Banks for malicious prosecution, an action which, though not favored in the law, is nonetheless available in some instances after successful termination of a civil proceeding. *Young v. First State Bank,* 1981 OK 53, 628 P.2d 707 (Okla.1981). Banks sought summary judgment, which the trial court granted. After Neely's motion for reconsideration was denied he appealed. We have granted a motion to retain.

¶ 6 Neely urges that because the only claims against Prudential were based on the doctrine of *respondeat superior,* and because they were resolved in favor of Prudential, this was a successful termination of proceedings with regard to him. He claims that the

---

1. A second issue involving the arbitrability of a malicious prosecution claim was presented in the motion for summary judgment. It has not been raised in either the petition in error or the response to the petition in error, and no citations of authority were made in the briefs at trial court by the parties raising the issue. Thus we do not address the question. *Carlile v. Carlile,*1992 OK 57, 830 P.2d 1369 (Okla.1992); *Messler v. Simmons Gun Specialties, Inc.,* 1983 OK 35, 687 P.2d 121 (Okla.1984).

arbitrators necessarily found him to be not culpable in order to rule in favor of Prudential. He urges that Banks should not be allowed to avoid a malicious prosecution lawsuit due to the bankruptcy stay, because it was the Banks' unfounded comments and allegations that forced him into bankruptcy.

¶ 7 Banks assert that since Neely was not a party when the arbitration decision was rendered, he should not be permitted to use it to satisfy the element of "successful termination." They argue that Neely filed voluntary bankruptcy to avoid any adjudication against him, and urge that because no claims were actually arbitrated against him, he did not prevail.[2]

¶ 8 This is a question of first impression. We have addressed the "successful termination" element of malicious prosecution on two recent occasions. In *Young v. First State Bank, supra*, this Court held that a dismissal with prejudice was sufficient to meet the "successful termination" requirement of malicious prosecution. In that case the bank brought suit against three individuals to recover on a note. Two of the three paid the note in full. The third was dismissed from the case with prejudice. The third individual brought suit for malicious prosecution. The bank urged that the plaintiff could not meet the elements of malicious prosecution because he did not receive a successful termination. This Court held:

> The plaintiff in a malicious prosecution action has the burden of affirmatively proving five elements: (1) the bringing of an original action by the defendant, (2) its successful termination in plaintiff's favor, (3) want of probable cause, (4) malice, and (5) damages ... It is conceded that, generally, a dismissal with prejudice is such a favorable termination, but Bank cites the exception that where the dismissal in the original action is procured by the defen-

dant, or done pursuant to a compromise or agreement of the parties, that termination cannot support an action for malicious prosecution. . . .

We held that the dismissal with prejudice was sufficient to meet the required element.

¶ 9 Later, in *Glasgow v. Fox*, 1998 OK 71, 757 P.2d 836 (Okla.1988), the Court was asked whether a dismissal *without* prejudice was sufficient to meet the malicious prosecution requirement of successful termination. We held that it was not. We explained that malicious prosecution actions "should be defined narrowly so as to protect Oklahoma's policy which does not look favorably on malicious prosecution actions." *Id.* at 838. Relying on 12 O.S.1991, § 683, the statute which sets out the grounds for dismissal of a lawsuit, we stated that this dismissal was on procedural grounds, not substantive grounds. Hence, the action could be reinstated.

¶ 10 What is clear from these two Oklahoma cases is that this Court agrees with a majority of jurisdictions which rely on a case-by-case determination to see whether the dismissal is actually a "successful termination" and shows the plaintiff to be without fault.[3] For example, the Kansas Supreme Court has addressed this issue in the context of a voluntary dismissal. In *Nelson v. Miller*, 227 Kan. 271, 607 P.2d 438 (1980), three physicians were sued. Two were granted summary judgment in their favor. One was dismissed without prejudice prior to the grant of summary judgment. The Court stated that proceedings are successfully terminated if (1) there is a favorable adjudication by a competent court, or (2) withdrawal of proceedings by the person bringing them, or (3) dismissal of the proceedings for failure to prosecute. *Id.* at 445. The Court noted that this question can only be determined after a review of the facts. *Id.* It held that under the circumstances where dismissal

---

2. Banks have never asserted that an arbitration proceeding before the New York Stock Exchange is not "an adjudication" as is required for a malicious prosecution claim. For the purposes of this appeal, we assume without deciding that the arbitration was sufficient to meet this element.

3. See annotation, *Nature of Termination of Civil Action Required to Satisfy Element of Favorable Termination to Support Action for Malicious Prosecution*, 30 A.L.R.4th 572. This annotation shows that most courts look to the circumstances of each case to determine whether the plaintiff in the malicious prosecution action was in fact shown to be without fault in the underlying action.

without prejudice was had prior to the summary judgment and the plaintiff had failed to refile against the "dismissed" doctor, this was sufficient to meet the element of "successful termination."

¶ 11   In *KT Bolt Manufacturing v. Texas Electric Cooperatives,* 837 S.W.2d 273 (Tex. Ct.App.1992), the Texas appellate court held that a voluntary non-suit did not serve as a successful termination. The parties were not prejudiced from bringing a second suit; it simply placed them in the position they were before bringing suit. *Id.* at 274.

¶ 12   *Hernon v. Revere Copper & Brass, Inc.,* 363 F.Supp. 96 (E.D.Mo.1973), *aff'd,* 494 F.2d 705 (8th Cir.1974), *cert. denied,* 419 U.S. 867, 95 S.Ct. 124, 42 L.Ed.2d 105 (1974) [4], addressed the question of whether a voluntary dismissal due to a bankruptcy stay was sufficient to meet the elements of malicious prosecution. There, plaintiff was CEO of an aluminum company who did business with the defendant. The contractual arrangement required defendant to ship products to the aluminum company for distribution. Plaintiff asserted that due to defendant's failure to meet quality and quantity standards, the aluminum company began experiencing financial difficulties. Plaintiff, as CEO, advised the outlets to sell the defendant's products at any price that could be obtained. Defendant brought suit to stop these sales by filing a replevin action. This action forced the aluminum company into involuntary bankruptcy, where the bankruptcy stay went into effect. After the stay, defendant dismissed its suit against the CEO and the aluminum company.

¶ 13   The Federal Court held that this dismissal was sufficient to present a jury question as to whether there was a successful termination. The Court stated that a successful termination does not "necessarily require an adjudication on the merits." *Id.* at 99.   Relying on the Restatement, Torts, § 674, the Court pointed out that whether the dismissal was sufficient depended upon the facts, and was properly presented to the jury.

¶ 14   In the present case the facts in the underlying action, the action being the arbitration, are not presented to this Court for reconsideration.   The decision of the New York Stock Exchange is final.   The claim in arbitration filed by the Banks alleged fraud, misrepresentation and negligence by Neely in giving advice and investing the Banks' money.   As shown by the record **the entire claim focuses on the relationship Neely had with the Banks as Prudential's agent/employee.**   It also alleges that Prudential failed to supervise Neely in a prudent manner, failed to train Neely properly, and that Prudential, through Neely, failed to use due diligence in giving investment advice.

¶ 15   The New York Stock Exchange arbitration statement explains that all proceedings against John Neely were stayed due to the bankruptcy.   The panel further found that Banks should receive nothing on their claims against Prudential or Carl Busch, another employee of Prudential, that Banks should pay Prudential $78,220.84 for costs and should pay the New York Stock Exchange $36,000.00 for forum fees.   The Banks lost resoundingly in the arbitration proceeding.

■■■   ¶ 16   In Oklahoma, a suit against the employer based on *respondeat superior* bars a later suit against an employee if the later suit is based on the same set of facts as the earlier suit.   *Massoth v. Staples,* 1971 OK 12, 481 P.2d 141 (Okla.1971).   We have held that the doctrine of *res judicata,* also known as claim preclusion, *Miller v. Miller,* 1998 OK 24, 956 P.2d 887, 896 n. 16 (Okla. 1998), bars the subsequent action.   *Id.* at 142.   *Respondeat superior* is a legal doctrine by which an employer is held liable for the acts of its employee.   If such a case is adjudicated in favor of the employer, it follows that the employee's actions in the scope of his employment were not sufficient to result in liability.   *See also Hooper v. Clements Food Co.,* 1985 OK 6, 694 P.2d 943, 945 (Okla.1985).

---

**4.**   The district court ultimately reversed the case, but the reversal was not based on the "successful

termination" element.

¶ 17 Here Prudential, the employer, was found not liable in the arbitration proceeding before the New York Stock Exchange. The claims filed before the arbitration panel focused on Neely as an employee of Prudential, and relied on the *respondeat superior* theory. The arbitration resulted in a finding in favor of the employer.

¶ 18 Unlike *KT Bolt Manufacturing, supra,* where the court's dismissal merely placed the parties in ·the same position as if no claim had been filed, the arbitration decision here established no employer liability with regard to Neely's acts. The parties here are no longer in the same position they would have been in if no claim had been filed. They are now bound by the arbitration panel's determination of no employer liability. This, coupled with Oklahoma's rule in *Massoth,* shows that Neely has prevailed. Remembering Oklahoma's policy of defining "successful termination" narrowly so as to protect Oklahoma's policy which disfavors malicious prosecution actions, *Glasgow* at 838, this is nonetheless a successful termination for Neely, even though the arbitration proceedings against him had been stayed due to bankruptcy. Banks have not attempted to reinstate their claims against Neely. If such action were reinstated it would be barred under *Massoth.*

¶ 19 The summary judgment on behalf of Defendants rendered in the District Court of Oklahoma County is hereby vacated. The case is remanded and it may proceed in that court.

¶ 20 KAUGER, C.J., SUMMERS, V.C.J., and HODGES, LAVENDER, and WATT, JJ.—CONCUR.

¶ 21 SIMMS, HARGRAVE, OPALA, and ALMA WILSON, JJ.—Dissent.

¶ 1 KAUGER, C.J., concurring:

¶ 2 I concur in the majority's finding that, under the facts presented, the arbitration proceeding before the New York Stock Exchange constituted a "favorable termination" for the broker. The Banks have not asserted that the arbitration proceeding was not "an adjudication" for purposes of a claim for malicious prosecution.

¶ 3 Although the Court does not address the issue of whether an arbitration award is sufficient to satisfy the requirement in a malicious prosecution claim of an award in a court of competent jurisdiction, it is worth noting that the issue has been addressed in other jurisdictions. In *Sagonowsky v. More,* 64 Cal.App.4th 122, 75 Cal.Rptr.2d 118, 122 (1998), *rehearing/review denied,* the California Court distinguished between a "contractual arbitration" and a "judicial arbitration." Indicating that it would not find that the arbitration award was competent if it arose from a purely "contractual arbitration;" but it would find a "judicial arbitration" to be sufficient for a malicious prosecution claim. Here, the arbitration proceeding was before the New York Stock Exchange. In *Taylor v. Peoples Gas Light & Code Co.,* 275 Ill.App.3d 655, 656 N.E.2d 134, 140, 211 Ill.Dec. 942 (1995) *cert. denied* 165 Ill.2d 566, 214 Ill.Dec. 866, 662 N.E.2d 432, the Illinois Court essentially found that absent an unfair proceeding or a conflicting principle of law which would be incompatible with giving the arbitration award effect, the award would be sufficient to constitute an award by a court of competent jurisdiction for malicious prosecution purposes. It appears that whether an arbitration award will be considered a judgment by a court of competent jurisdiction may depend on the facts. Here, there has been no challenge to the award being characterized as an "adjudication" for purposes of the malicious prosecution claim.