2003 OK CIV APP 106

**Sharon MARTIN, Individually, and as next friend of Angela Martin, a Minor, Plaintiff/Appellant,**

v.

**MID–CAL EXPRESS d/b/a Countrywide Trucking, Defendant/Appellee.**

**No. 99,302.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Nov. 12, 2003.

David W. Van Meter, Wendy S. Swatek, Berry & Van Meter, Oklahoma City, OK, for Plaintiff/Appellant.

Stuart D. Campbell, Tiffany N. Arend, Gable & Gotwals, Tulsa, OK, for Defendant/Appellee.

Opinion by JERRY L. GOODMAN, Presiding Judge.

¶ 1 Sharon Martin (Plaintiff) appeals the trial court's May 14, 2003, order granting summary judgment to Mid–Cal Express (Defendant) on Plaintiff's claim for damages arising from a December 1998 motor vehicle accident. The matter was assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36, 12 O.S.2001, ch. 15, app. 1. Based upon our review of the facts and applicable law, we reverse and remand for further proceedings.

## FACTS

¶ 2 On December 4 or 12, 1998,[1] Plaintiff was a passenger in a car driven by her husband when it was struck by a truck owned by Defendant Mid–Cal Express and driven by Defendant's employee, James Simmons (Driver). It is undisputed that Driver was acting within the scope of his employment as Defendant's employee. On December 2, 1999, Plaintiff filed suit, naming only Defendant. Plaintiff did not name Driver as a party defendant, though her petition did identify Driver as Defendant's employee and allege he was negligent. Plaintiff sought damages for injuries to herself and to her minor child, who was also a passenger in the car at the time of the accident. We are informed the petition was not served on Defendant until October 2001, almost three years after the accident, and over a year after the two-year statute of limitations had run against Driver.

¶ 3 We surmise Plaintiff and Defendant entered into negotiations to settle the claim, because on April 27, 2000, Plaintiff dismissed all her personal claims against Defendant. However, Plaintiff specifically reserved all claims on behalf of her daughter, as well as Plaintiff's claim for personal expenses she incurred on behalf of her daughter.

¶ 4 We further surmise that Plaintiff was unable to negotiate a settlement on behalf of her daughter. We are told that Defendant was served with the December 2, 1999, petition in October 2001. On November 1, 2001, Defendant filed its answer, generally denying Plaintiff's petition. Additionally, Defendant raised certain affirmative defenses, including insufficiency of process or service thereof, release and satisfaction, and laches.

¶ 5 On March 17, 2003, Defendant filed a motion seeking summary judgment against Plaintiff. Defendant alleged that all of Plaintiff's claims against Defendant were based on the doctrine of respondeat superior, and that because Plaintiff did not name Driver as a defendant, he could not be found liable, meaning a claim arising out of the doctrine of respondeat superior could not be supported. Also, Defendant contended the statute of limitations against Driver expired December 4, 2000, two years after the accident, and therefore Plaintiff cannot now file suit against Driver, nor may Defendant sue Driver and add him as a necessary party defendant for purposes of ascertaining liability.

¶ 6 On March 28, 2003, Plaintiff filed her response to the motion for summary judgment. Citing *Employers Cas. Co. v. Barnett*, 1951 OK 186, 235 P.2d 685, she argued it was not necessary to name Driver as a party defendant, but that she could call him as a fact witness to establish his employment relationship with Defendant and his negligent operation of Defendant's truck. Thus, his presence in the lawsuit would be unnecessary under these facts.

¶ 7 On May 14, 2003, the trial court granted Defendant's motion for summary judgment. Plaintiff appeals. We reverse and remand for further proceedings.

## ANALYSIS

¶ 8 In support of its motion for summary judgment, Defendant cited *Sisk v. J.B. Hunt*

---

1. Plaintiff's petition alleges the accident occurred December 12, 1998. Both Defendant's motion for summary judgment and Plaintiff's response state the accident occurred December 4. The actual date is irrelevant to our analysis.

*Transport Inc.,* an Oklahoma Supreme Court decision initially issued in February 2002, which on first reading supports Defendant's position. However, since the assignment of the case under review to this court, the Oklahoma Supreme Court granted rehearing in *Sisk,* and issued a new opinion, found at 2003 OK 69, 81 P.3d 55. Because *Sisk* in its final form significantly differs from the 2002 decision relied on by Defendant, we reverse the trial court's order and remand for further proceedings.

¶ 9 The facts in *Sisk* and the case under review are substantially similar. The plaintiff in *Sisk* sued a trucking company and its employee driver for negligence in the operation of one of the company's trucks. The plaintiff alleged no independent theory of recovery from the trucking company, but invoked the doctrine of respondeat superior. Prior to trial, the plaintiff dismissed the driver with prejudice. The trucking company unsuccessfully argued to the trial court that all of the plaintiff's claims against it should likewise be dismissed, because there could be no vicarious liability without a finding of negligence on the part of the employee.

■ ¶ 10 The facts in *Sisk* and in the case now before us are essentially identical but for one crucial distinction. In *Sisk,* the employee was affirmatively dismissed from the lawsuit by the plaintiff. In the case at bar, Driver was never a party defendant. Driver is no longer amenable to suit by operation of the statute of limitations, not by any affirmative act of Plaintiff. In short, consistent with the rules pronounced in *Sisk* and *Hooper By and Through Hooper v. Clements Food Co.,* 1985 OK 6, 694 P.2d 943, and *Employers Cas. Co. v. Barnett,* 1951 OK 186, 235 P.2d 685, discussed below, we find Plaintiff never released Driver, as Driver was never a party, and therefore Plaintiff's vicarious liability claim against Defendant pursuant to the doctrine of respondeat superior remains viable. The trial court erred when it dismissed Plaintiff's claim.

■ ¶ 11 The rule pronounced in *Sisk* states that if a plaintiff, by an affirmative act, releases a servant/tortfeasor, and that release effectively bars any further action against the servant/tortfeasor, the vicarious-ly-liable master is likewise released. This is the so-called "release rule." *Sisk* at ¶ 11.

> When viewed in the light of a two-prong analysis, the release rule's operation at once becomes crystal-clear. *A plaintiff's affirmative act must occur first; its required effect—one that must follow next—must be that of reprosecution's absolute bar.* To destroy a servant's liability, both elements must coincide....
>
> That the servant is now beyond the reach of any suit upon Sisk's claim is the undeniable consequence of plaintiff's dismissal. The release rule must hence govern this controversy. Uninterrupted viability of the claim against a servant is the *sine qua non* of the master's continued liability in respondeat superior. Once, **by an act of the plaintiff,** the servant becomes impervious to legal responsibility, the master stands released.

*Sisk* at ¶¶ 10 and 11 (emphasis in original, footnote omitted).

¶ 12 On the other hand, the release rule has no applicability in situations where, as here, Plaintiff did not affirmatively release Driver, the servant/tortfeasor, because Driver was never made a party defendant. As *Sisk* states:

> **Today's scenario is readily distinguishable from all those in which a plaintiff takes no affirmative step or no plaintiff's act extinguishes a servant's liability.**

*Sisk* at ¶ 10 (emphasis in original, footnote omitted).

¶ 13 *Sisk* later goes on to note:

> Today's holding neither modifies Oklahoma's extant jurisprudence nor applies to situations where no *affirmative act* of the plaintiff bars an action against the servant.

*Sisk* at ¶ 13 (emphasis in original, footnote omitted).

¶ 14 *Sisk* refers to the Oklahoma Supreme Court cases of *Hooper, Employers Cas.,* and *Massoth v. Staples,* 1971 OK 12, 481 P.2d 141. We find the rules set out in these cases dispositive.

¶ 15 In *Hooper By and Through Hooper v. Clements Food Company,* 1985 OK 6, 694 P.2d 943, the plaintiff did not sue the negligent servant/tortfeasor, but instead sued only the master/employer. The court stated:

Our holding today is also consistent with accepted principles of respondeat superior. Respondeat superior involves the rights of third parties where a master and servant or principal and agent relationship exists. *Texaco, Inc. v. Layton,* 395 P.2d 393, 396 (Okl.1964). Under respondeat superior, the *negligence* or *wrongful act,* as opposed to the civil liability of the servant, is imputed to the master. Thus, a finding of no negligence on the part of the servant, conclusively negates the liability of the master. *Missouri, Kansas & Texas Railroad Co. v. Stanley,* 372 P.2d 852, 857 (Okl. 1962); *Consolidated Gas Utilities Co. v. Beatie,* 167 Okl. 71, 27 P.2d 813 (1933). However, a finding of no civil liability on the part of the servant does not necessarily negate the liability of the master. It is the servant's negligence or *wrongful act* which *establishes* the master's *liability,* not the servant's own civil liability. Therefore, the servant's status in relation to the injured person is not determinative.

*Hooper* at ¶ 9, 694 P.2d at 945. The *Hooper* court noted Oklahoma jurisprudence on principles of respondeat superior permits an action against the principal alone where no suit is brought against the agent. *Id.* at ¶ 5, 694 P.2d at 944.

¶ 16 *Employers Cas. Co. v. Barnett,* 1951 OK 186, 235 P.2d 685, likewise supports our conclusion. On very similar facts as those before us today, the plaintiff in *Barnett* sued both a trucking company and its employee driver. Following the presentation of his case in chief, the plaintiff dismissed the driver without prejudice. The trucking company was later found liable for the plaintiff's injuries. The Oklahoma Supreme Court, in its syllabus to the case, said:

> 3. A master and his servant may be proceeded against jointly or severally where the master's liability is based upon the doctrine of respondeat superior; and where proceeded against jointly, the dismissal *without prejudice* as to the servant does not preclude the prosecution of the action against the master. (Emphasis added.)

*Employers Cas.* at ¶ 0, 235 P.2d at 686.

¶ 17 The Oklahoma Supreme Court in *Massoth v. Staples,* 1971 OK 12, 481 P.2d 141, stated:

> The case of *Employers Cas.* . . . stands for the rule that an employer and his employee may be proceeded against jointly or severally where employer's liability is based on doctrine of respondeat superior, and where proceeded against jointly, dismissal without prejudice as to employee does not preclude prosecution of action against employer. . . .

*Massoth* at ¶ 16, 481 P.2d at 144.

¶ 18 We hold, consistent with the rules pronounced above, that even though the statute of limitations has run as to the servant/tortfeasor, thus rendering him immune from further suit, Plaintiff may nonetheless continue to pursue a claim against the vicariously liable master. Plaintiff did nothing to affirmatively release Driver from liability; rather, his immunity from suit was conferred by operation of law. Plaintiff, therefore, may proceed with her suit against Defendant. The trial court's May 14, 2003, order is reversed and the matter remanded for further proceedings.

¶ 19 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

REIF, J., and RAPP, J., concur.